## In the Orphans' Court of Philadelphia.

### Estate of MRS. MARIA STILLE, deceased.

The accumulations directed by this will held to be void, and directed to be given to the minor, as decided in Pennsylvania Co.'s Appeal, 31 Legal Intelligencer, 69.

**Exceptions to Auditor's Report.**

Opinion delivered February 20th, 1875, by

DWIGHT, J. Testatrix directed her executors to divide a fifth part of her residuary estate into moieties, and to hold each on the following

trusts : To collect the interest and income thereof, and accumulate the same until a granddaughter reached full age or married, and then to hold said portion with the accumulation, as a fund in trust, to receive and pay the interest and income thereof, for the said granddaughter's sole and separate use during her natural life, and after her death, for the use of any child or children whom she might leave, and in case of death without issue then over to the survivor, and in case both died, then over to such of testatrix's own children as might then be living, &c.

The points of decision are these three : First. Is the direction of this will to accumulate void ? Second. Do the accumulations, if void, go to the granddaughter ? Third. If not to the granddaughter, to whom?

" The auditor submits that said direction to accumulate is thoroughly transgressive of the 9th section of the Act of April 18, 1858, § 9, Purd. 1245, pl. 9, and is void, because the right to the accumulations is not given to the said minors."

This is the act: "No person or persons shall after the passing of this act, by any deed, will or otherwise, settle or dispose of any real or personal property, so and in such manner that the rents, issues, interests, or profits thereof shall be wholly or partially accumulated for any longer term than the life or lives of any such grantor or grantors, settler or settlers, or testator, and the term of twenty-one years from the death of any such grantor, settler or testator ; that is to say, only after such decease during the minority or respective minorities, with allowance for the period of gestation of any person or persons, who, under the uses or trusts of the deed, will or other assurance, directing such accumulation, would, for the time being, *if of full age, be entitled unto the rents, issues, interests and profits so directed to accumulate;* and in every case, where any accumulation shall be directed otherwise than aforesaid, such direction shall be null and void in so far as it shall exceed the limits of this act, and the rents, issues, interests and profits so directed to be accumulated contrary to the provisions of this act, shall go to and be received by such person or persons as would have been entitled thereto, if such accumulation had not been directed."

Under this act, a testator may settle any real or personal property in such manner that: First, the rents, issues, interests or profits shall be wholly or partially accumulated during, Second, the minority of any person who, Third, under the trusts of his will would, for the time being, if of full age, be entitled unto the rents, issues, interests and profits so directed to accumulate.

The chief and essential test for ascertaining if accumulations are lawful, is, would the minor, if of full age during the time the accumulations are accruing, be entitled unto them ? That is to say, are the accumula-

tions the minor's property, minority being the sole obstacle to his present enjoyment of them? If so, it follows that he would take them as his property on arriving at majority. They must be his property by the will, that instrument fixing his title, and deferring his coming to his own. This leads us to look at the will, to see if Mrs. Stille's granddaughter was entitled by it to take these accumulations on arriving at majority, or upon entering into marriage.

The *will* does its utmost to prevent this. It expressly provides that the granddaughter shall never have the accumulations. They are not to be paid to her *en masse* at that time, nor at any time. Still less are they portions extracted from a provision for maintenance during minority, to be handed over upon the happening of either of the events mentioned in the will. On the contrary, this lady is the only person mentioned in the will, who, by the will, is not to have the accumulations. Under the application of the chief and essential test, therefore, they are not lawful.

It has been argued before us, that, if it is admitted that the accumulations are void, they must, nevertheless, be awarded to the minor by force of the proviso of the act, which is in these words:—"Provided, That notwithstanding any directions to accumulate rents, issues, interests and profits for the benefit of any minor or minors, it shall be lawful for the proper court, as aforesaid, on the application of the guardian, where there shall be no other means for maintenance or education, to decree an adequate allowance for such purpose, but in such manner as to make an equal distribution among those having equal rights or expectancies, whether at the time being minors, or of lawful age—because if the accumulations do not go to the minor, there is no fund out of which an adequate allowance can be decreed. It might be said that if it were admitted that the void accumulations do not go to the minor, the act might receive a consistent interpretation. The Legislature, by the act, has undertaken to distribute part of decedent's estate, because unlawfully accumulated, and to say to whom it shall go. It can certainly qualify the grant which it has the power to make, and can say that if a minor is in distress, the court may take part of the void accumulations for the minor, and the parties contemplated by the act to take the rest. In other words, it can turn a rill from the stream of its bounty toward a child in need.

But we think the true interpretation of the proviso is to qualify the will's direction to accumulate, not the Legislature's direction to scatter abroad. The will may lawfully direct accumulations of the entire income, or the larger part thereof, during some minorities, and not provide a sufficient maintenance for the infant; but, it may do this, provided, notwithstanding such direction to accumulate for the benefit of the minor, that it shall be lawful for the proper court to divert the accumulations to

present necessities, when they are the last resource. "Where there shall be no other means for maintenance or education" is the expression of the proviso. No other means than what? The unlawful accumulations or the lawful? Clearly the meaning is, that the lawful accumulations, which must be the property of the minor, in order to be lawful, shall not continue to accrue during minority, unless the infant has other means of support; but if the infant has no property sufficient to maintain him, except his property in the form of the accumulations, the court may order an allowance out of the latter.

Now the accumulations are unlawful, only, because they are not made the minor's property by the will. As the learned auditor has observed: "The directions of this will to accumulate are void, because the right to the 'accumulations' is not given to the said minor," How then, are accumulations, not given to a minor, in any sense his property? What is the power which transmutes the property of a decedent not given to a minor by the "accumulating" clause into the minor's property and makes it a part of his means from which the court may decree an allowance? If there is any other clause of the will which makes this change, the power can be found in it. But in this will the direction to accumulate is in the residuary clause: The will is silent.

We must, therefore, look elsewhere. The act of 1853 says, that the unlawful accumulations shall go to and be received by such person or persons as would have been entitled thereto, if such accumulation had not been divested.

It will be seen that the act itself does not determine specifically the individual recipients. It merely designates them as "those who would have been entitled" to the accruing products, in case the will had been silent respecting their destination. The title must be found, as already mentioned, either in some other clause of the will, or in some statute or rule of law. This will may be searched in vain for such title. We are remitted to a statute or rule of law.

By the statutes, the undisposed of part of a decedent's personal estate usually goes to his next of kin. The rule in England is thus stated in Smith on Executory Interests, § 741, III: "Where the income of residuary property is to be accumulated prior to the vesting indefeasibly of such residuary property; the income accruing * * * upon or from such residuary property, goes to the heir-at-law, in the case of real estate, or to the next of kin, in the case of personal estate."

To this rule there is an exception in this State. The Penn'a. Co's. appeal, 31 Legal Intell. 60, decided that if a will directed unlawful accumulations to be made during the minority of an infant, to be capitalized, and the interest of the capitalized accumulations to be paid to

the person, formerly an infant, during life, from and after the attainment of majority, the unlawful accumulations are the property of the minor.

In conformity with this decision, we decide that accumulations made contrary to the statute by the trustees under Mrs. Still's will, are the property of the granddaughters. We will make a decree drafted pursuant to this decision by counsel.